IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–20–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANTHONY COLE DANIELS, | |
| Defendant. | |

Before the Court are Defendant Anthony Cole Daniels's Motion for
Compassionate Release (Docs. 66, 73), Motion to Withdraw as Counsel (Doc. 75),
and Motion for Extension (Doc. 76.)  On May 22, 2023, Mr. Daniels filed a motion
to reduce his 120-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A).
(Doc. 66; *see* Doc. 42 at 2.)  His projected release date is March 13, 2026.  *See*
Inmate Locator, http://www.bop.gov/inmateloc (accessed November 3, 2023).  On
June 1, 2023, counsel was appointed to represent Mr. Daniels.  (Doc. 67.)
Appointed counsel filed an amended motion on September 28, 2023.  (Doc. 73.)
The government opposes the motion for compassionate release.  (Doc. 74.)
Counsel for Mr. Daniels subsequently filed a motion to withdraw after Mr. Daniels
indicated that he wishes to proceed *pro se*.  (Doc. 75.)  Mr. Daniels has also moved
to extend the deadline to reply to his motion for compassionate release.  (Doc. 76.)

1

## ANALYSIS

## I.     Motion for Compassionate Release

The First Step Act gives district courts wide discretion to reduce an existing

term of imprisonment so long as a defendant first seeks relief from the Bureau of

Prisons and the reduction: (1) takes into consideration the sentencing factors set

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

reasons," or the defendant is at least 70 years old and has served at least 30 years in

prison; and (3) is consistent with the applicable policy statements of the United

States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v.

Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing

Commission's relevant policy statement adds that the Court may not reduce a term

of imprisonment unless "the defendant is not a danger to the safety of any other

person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S.

Sent'g Comm'n 2023).[1]

Mr. Daniels argues that a reduction in his sentence is warranted because his

mother is without a caregiver and is unable to care for herself as well as his

rehabilitation during his time in custody.[2]  (Doc. 73 at 2.)  For the reasons

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

[2] At the time the original motion was filed Mr. Daniels's wife was also in hospice and this was an additional basis for the motion, but she has since passed away.  (Doc. 73 at 1.)

discussed below, the Court denies the motion for compassionate release.

### A.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, Mr. Daniels represents that he filed a request for relief with the warden at his facility on April 9, 2023.  (*See* Doc. 66-1.)  However, there is no indication that the request was actually received by the warden.  The United States represents that "the BOP has no record of any compassionate release request made by Daniels."  (Doc. 74 at 3.)  Although Mr. Daniels provided a copy of the request he claims to have submitted, there is no signature indicating that the request was received by the staff at the BOP facility.  (*See* Doc. 66-1 at 3.)  Thus, it would appear that Mr. Daniels has failed to exhaust his administrative remedies.  Nonetheless, the Court will discuss whether Mr. Daniels's has presented extraordinary and compelling reasons.

### B.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for

3

the parent." U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C) (U.S. Sent'g

Comm'n 2023). The Sentencing Commission also explains that "rehabilitation of

the defendant is not, by itself, an extraordinary and compelling reason." *Id.* §

1B1.13(d).

      In his motion, Mr. Daniels explains that his mother, Deborah, suffers from

significant medical and cognitive issues and needs a caregiver. (Doc. 66 at 4.) Mr.

Daniels's wife was providing care to Deborah but passed away. (*Id.*) Mr.

Daniels's brother provided care to Deborah for a limited time; however, Mr.

Daniels claims that his brother suffers from severe addiction, failed to provide

adequate care to Deborah, stole money from her bank account, and abandoned his

caretaking role. (*Id.*) A neighbor has been providing care to Deborah during the

pendency of this motion. (Doc. 73 at 2.) This neighbor reports that Deborah's

condition is rapidly declining and has expressed concern about Deborah's ability to

stay home alone. (*See* Doc. 73-1.) Deborah's doctor has shared similar concerns

regarding the need for an over-night caretaker. (*See* Doc. 73-2.)

      While the Court is sympathetic to the situation of Deborah and Mr. Daniels,

there is not sufficient evidence before the Court to conclude that Mr. Daniels's

situation is extraordinary and compelling. Specifically, the Court is left without

sufficient evidence to conclude that Mr. Daniels is the only caregiver available to

provide care to Deborah.

### C.     Section 3553(a) Factors

Because Mr. Daniels has failed to exhaust his administrative remedies and demonstrate extraordinary and compelling reasons, the Court need not address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  Nonetheless, the Court will address these factors, which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *See id.* § 3553(a)(4), (6).

Mr. Daniels received a custodial sentence of 120 months for conspiracy to distribute methamphetamine.  (Doc. 42 at 1.)  The offense conduct involved the possession of over 1,000 grams of methamphetamine, 27 firearms, 753 grams of marijuana, numerous items of drug paraphernalia, and precursor chemicals for the manufacture of methamphetamine.  (Doc. 44 ¶ 14.)  Investigators also discovered journals containing recipes and notes associated with the manufacture of methamphetamine.  (*Id.* ¶ 15.)  At the time of the investigation and subsequent

arrest, Mr. Daniels was under the supervision of the State of Montana as a registered violent offender.  (*Id.* ¶ 13.)  Mr. Daniels's total criminal history score was eight, placing him in criminal history category IV.  (*Id.* ¶¶ 39–41.)  Mr. Daniels has prior state felony convictions for burglary, possession of controlled substances, manufacturing of dangerous drugs, and operation of an unlawful clandestine lab.  (*Id.* ¶¶ 34, 37, 38.)

Given the seriousness of the offense conduct, the history and characteristics of Mr. Daniels, and the need to deter future criminal conduct, the Court finds that the federal sentencing objectives set forth in 18 U.S.C. § 3553(a) do not support Mr. Daniels's early release from custody.

## IV.    Motion to Withdraw

At the request of Mr. Daniels, his appointed counsel has moved to withdraw from representing him in this matter.  (Doc. 75.)  In light of the resolution of Mr. Daniels's motion for compassionate release, the Court will grant the motion.

## V.    Motion for Extension

Mr. Daniels moved to extend the deadline to file his reply in support of his motion for compassionate release.  (Doc. 76.)  Considering the Court's ruling on the motion for compassionate release, this motion is now moot.

### CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for

compassionate release (Docs. 66, 73) is DENIED.

IT IS FURTHER ORDERED that the motion to withdraw as counsel (Doc.

75) is GRANTED.  Jill Gannon-Nagle is relieved of all duties to Defendant

Anthony Cole Daniels.

IT IS FURTHER ORDERED that the motion for extension (Doc. 76) is

DENIED as moot.

DATED this 3rd day of November, 2023.

Dana L. Christensen, District Judge
United States District Court