IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–20–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANTHONY COLE DANIELS, | |
| Defendant. | |

On January 26, 2026, Defendant Anthony Daniels filed a motion to reduce his 120-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 86.) Daniels currently resides at the pre-release center in Great Falls, Montana. His expected release date is March 26, 2026. *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc. The government opposes the motion for compassionate release. (Doc. 81.)

Daniels has filed three previous motions for compassionate release with this Court. (Docs. 66, 73, 78.) The Court denied each of Daniels's previous motions for early release. (Docs. 77, 81.) Because Daniels's circumstances have not changed, the Motion will be denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing

1

term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n).

Daniels argues that a reduction in his sentence is warranted because he is the only available caregiver for his elderly and ailing mother, Debra Daniels. (Doc. 82 at 3.)  For the reasons discussed below, the Court denies the motion for compassionate release.

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here,

2

Daniels states that he submitted a request for compassionate release to his parole officer at Great Falls Pre-Release. (Doc. 82 at 4.) That request was denied, and Daniels was informed that he cannot request another compassionate release from the facility. (*Id.*) Thus, Daniels has likely exhausted his administrative remedies.

However, the circumstances have not changed since this Court issued its orders on November 3, 2023, and February 12, 2024, wherein it denied Daniels's motions for compassionate release. (*See* Docs. 77, 81.) While the Court is sympathetic to the situation of Daniels's mother, there is not sufficient evidence to conclude that Daniels is the only available caretaker nor that Daniels's situation is extraordinary and compelling.

Moreover, as the Court previously observed, Daniels's offense conduct involved possession of over 1,000 grams of methamphetamine, 27 firearms, 753 grams of marijuana, numerous items of drug paraphernalia, and precursor chemicals for the manufacture of methamphetamine. (Doc. 44 ¶ 14.) Investigators also discovered journals containing recipes and notes associated with the manufacture of methamphetamine. (*Id.* ¶ 15.) Moreover, at the time of Daniels's arrest, he was under the supervision of the State of Montana as a registered violent offender. (*Id.* ¶ 13.) Daniels's total criminal history score was eight, placing him in a criminal history category IV. (*Id.* ¶¶ 39–41.) Daniels's criminal history includes state felony convictions for burglary, possession of controlled substances,

3

manufacturing of dangerous drugs, and operation of an unlawful clandestine lab. (*Id.* ¶¶ 34, 37, 38.)

As this Court explained in November 2023 (Doc. 77) and February 2024 (Doc. 81), in light of the seriousness of the offense conduct, the history and characteristics of Daniels, and the need to deter future criminal conduct, the objectives set forth in 18 U.S.C. § 3553(a) do not support Daniels's early release.

### CONCLUSION

Accordingly, IT IS ORDERED that the Defendant's motion for compassionate release (Doc. 82) is DENIED.

DATED this 12th day of March, 2026.

Dana L. Christensen, District Judge
United States District Court

4